OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Gwyn.
[Cite as Disciplinary Counsel v. Gwyn (1994),        Ohio
St.3d        .]
Attorneys at law -- Misconduct -- Public reprimand -- Engaging
in conduct involving fraud, deceit, dishonesty, or
misrepresentation -- Neglecting an entrusted legal matter.
     (No. 94-1371 -- Submitted August 17, 1994 -- Decided
November 16, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-45.
     In a complaint filed on August 16, 1993, relator,
Disciplinary Counsel, charged that respondent, Peter D. Gwyn,
of Perrysburg, Ohio, Attorney Registration No. 0025690, had
violated DR 1-102(A)(4) (engaging in conduct invlving fraud,
deceit, dishonesty or misrepresentation) and 6-101(A)(3)
(neglecting an entrusted legal matter).  The matter was heard
by a panel of the Board of Commissioners on Grievances and
Discipline on February 11, 1994.
     The parties stipulated to the facts underlying the charged
misconduct as follows:
     "1.  Peter D. Gwyn is an attorney at law licensed to
practice in the State of Ohio * * * [as of] November 2, 1968,
and is subject to the Code of Professional Responsibility and
the Rules for the Government of the Bar of Ohio.
     "2.  In early 1987, and in any event after the formation
of the corporation known as J & B Tomato, Respondent was
contacted by Paul Bitter, concerning the adequacy of Bitter's
compensation from a business association known as J & B
Tomato.  Respondent was paid $2,500 to handle the matter, the
first payment [having been] made on or about June 26, 1987, the
second on or about December 9, 1988, and the third on or about
September 27, 1991.
     "3.  In late 1989 or early 1990, Respondent told Bitter
that he had filed a lawsuit against Bitter's business associate
* * * to obtain an accounting, when in fact he had not filed
the suit.
     "4.  From early 1990 until June, 1992, Respondent made
numerous stat[e]ments to Bitter, in person and by telephone,

leading Bitter to believe that the case which Respondent told him had been filed was being actively pursued.

"5. On or about June 5, 1992, Bitter along with his wife and daughter met with Respondent. Respondent, consistent with his earlier representations, made statements indicating that action had been taken on the matter. After this meeting, Bitter consulted * * * [another attorney] who scheduled a meeting with Respondent to review the progress of the lawsuit.

"6. On or about June 10, 1992, [the new attorney], with the consent of Respondent's office staff, inspected the Bitter file. Respondent had attempted to cancel the meeting with [this attorney] and was not present during his inspection of the file. [The new attorney] discovered that the file contained pleadings (which had not previously been filed or provided to any other person)[,] falsely indicating that the Bitter case had been filed and dismissed. The file also contained the complaint which was [actually] filed on June 5, 1992, by Respondent on behalf of Bitter, seeking a declaratory judgment, access to business records, an accounting, and a partition of real estate * * *.

"7. Mr. Bitter dismissed Respondent and hired [the new attorney and his associates] to represent him in [the case filed by Respondent] and on July 6, 1992, his successor counsel filed an amended complaint in the matter * * *.

"8. During the period of time after Bitter initially contacted him, Respondent did not file an action on behalf of Bitter until June 5, 1992. He did, however, make other efforts to resolve the matter, contacting [the accountant of Bitter's business associate], and * * * [another accountant] concerning examination and review of the business records and conduct[ing] research into legal issues involved in the case.

"9. During the course of the investigation by Disciplinary Counsel, Respondent has fully cooperated."

These stipulations were embellished at the hearing by respondent and the attorney Bitter hired to replace him. In addition, respondent expressed remorse for his actions and specifically apologized to the Bitters. The panel also considered testimony and correspondence from character witnesses, all of whom described their high regard for respondent's professional achievements, competence and integrity. Each of these witnesses further attested that the Bitters' experience with respondent was completely contrary to the proficient representation he ordinarily provided. The character witnesses were confident that respondent would never engage in similar actions again.

The panel determined that respondent violated DR 1-102(A)(4) and 6-101(A)(3). Relator urged imposition of a one-year suspension, with six months suspended; respondent suggested a public reprimand. The panel decided to recommend a one-year suspension from the practice of law; however, it was so impressed with respondent's forthright testimony and the assurances of his character witnesses that it also recommended staying the entire year on the condition that he commits no further misconduct. The board adopted the panel's findings, but recommended that respondent receive a public reprimand.

Geoffrey Stern, Disciplinary Counsel, and Alvin E.

Mathews, Jr., Assistant Disciplinary Counsel, for relator.
    Mark H. Aultman, for respondent.

    Per Curiam.  After careful review of the record, we adopt the board's findings of misconduct and its recommendation. Accordingly, Peter D. Gwyn is hereby publicly reprimanded for having violated DR 1-102(A)(4) and 6-101(A)(3). Costs taxed to respondent.
                                    Judgment accordingly.
    A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.
    Moyer, C.J., dissents and would suspend respondent for one year, stayed on the condition of no further misconduct.